## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **VERMONT MUTUAL INSURANCE COMPANY**, a Vermont corporation with its principal place of business in Vermont,  <br><br>    Plaintiff  <br><br>    v.  <br><br>**CROCKER CIRQUE, II, LLC**, a Maine limited liability company with its principal place of business in Falmouth, Maine,  <br><br>**RICHARD J. GODUTI**, an individual resident of Falmouth, Maine,  <br><br>**JAMES P. GODUTI**, an individual resident of Cape Elizabeth, Maine,  <br><br>and  <br><br>**FALL LINE CONDOMINIUM HOMEOWNERS ASSOCIATION,** a Maine nonprofit corporation with its principal place of business in Carrabassett Valley, Maine,  <br><br>    Defendants | No. 1:20-cv-_____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, Vermont Mutual Insurance Company ("Vermont Mutual"), by and through its counsel, Rudman Winchell, LLC, hereby states the following in support of its Complaint for Declaratory Judgment.

## JURISDICTION AND VENUE

1. Vermont Mutual is an insurance company organized under the laws of the State of Vermont with its principal place of business in Vermont.

2. Defendant, Crocker Cirque II, LLC ("Cirque"), is a Maine limited liability company with its principal place of business in Falmouth, Maine.

3. On information and belief, no Member of Cirque is a citizen or resident of the State of Vermont.

4. Defendants, Richard Goduti and James Goduti (the "Goduties") are individuals who reside in Falmouth, Maine, and in Cape Elizabeth, Maine, respectively.

5. Defendant, Fall Line Condominium Homeowners Association ("Fall Line") is a Maine nonprofit corporation with its principal place of business in Carrabassett Valley, ME.

6. The Plaintiff is a citizen of a different State than any and all of the Defendants.

7. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

9. Venue is proper in this action pursuant to 28 U.S.C. § 1391(b).

10. This is an action for declaratory relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, seeking the adjudication of an actual, ripe, and justiciable controversy that has arisen between the parties, as described more fully below.

## ALLEGATIONS, TO ALL COUNTS

11. Cirque is the Named Insured under a policy of commercial liability insurance issued by Vermont Mutual, with policy number BP18016107, in effect from 07/03/2017 to 07/03/2018, which renewed the same policy which was in effect from 7/03/16 to 07/03/2017 (the "Policy").

12. A true and complete copy of the Policy is attached as **Exhibit A**.

13. Fall Line commenced a civil action against Cirque, the Goduties, and another party, by the filing of a Complaint dated March 23, 2020, in the Superior Court of Maine, Franklin County (the "Complaint"). A true and complete copy of the Complaint is attached as **Exhibit B**.

14. Cirque tendered the Complaint to Vermont Mutual, demanding that Vermont Mutual provide it a defense, and ultimately, were a judgment to be entered, indemnity under the Policy.

15. The Complaint in Count I seeks damages from Cirque for Cirque's alleged breach of warranty obligations contained in two written agreements (filed with the Complaint) signed by Cirque in February of 2016 (the "Agreements") in connection with Cirque's construction of a building, called "Building 8," containing five condominium units.

16. The Complaint alleges that Cirque performed its allegedly faulty and defective work prior to the sale of the first of the five condominium units in April of 2016.

17. The Complaint in Count II seeks damages from the Goduties based on their personal guarantees that they executed and delivered in their individual capacities guarantying Cirque's warranty obligations under the Agreements.

18. The Complaint in Count III seeks damages from Cirque for breach of implied warranty of workmanship for Cirque's allegedly faulty and defective work in connection with Building 8.

19. The Complaint in Count IV seeks damages from Cirque for Cirque's alleged negligence in the design and construction of Building 8.

20. Vermont Mutual has informed Cirque that Vermont Mutual has no duty to defend or to indemnify Cirque under the Policy for the claims asserted by Fall Line in the Complaint.

21. Vermont Mutual did, however, agree to provide Cirque with a defense to the Complaint under a full reservation of rights, pending the outcome of this declaratory judgment action.

## COUNT I
## DECLARATORY JUDGMENT—DUTY TO DEFEND

22. Vermont Mutual restates and realleges the allegations contained in the preceding paragraphs of this Complaint as though fully set forth in full herein.

23. Under Maine law, whether or not an insurer has a duty to defend its insured against claims made against its insured in a complaint, is determined by the so-called "comparison test," whereby the insurer has a duty to defend if there is any reasonable potential, when comparing the allegations and claims in the complaint and the terms of the policy, that the facts ultimately proved could result in coverage under the policy.

24. The Policy provides that it will pay certain sums that the insured becomes legally obligated to pay as damages because of "'property damage' to which this insurance applies." The Policy specifies that "[t]his insurance applies: (1) To . . . 'property damage' only if: (a) The . . . 'property damage' is caused by an 'occurrence' . . .; and (b) The . . . 'property damage' occurs during the policy period."

25. "Property damage" is defined in relevant part by the Policy as "[p]hysical injury to tangible property."

26. The Complaint is not seeking damages for physical injury to tangible property, but rather, damages for the cost of fixing Cirque's allegedly faulty design and workmanship that occurred prior to July 3, 2016.

27. The Complaint therefore alleges no "property damage" caused by an "occurrence" within the policy period of the Policy.

28. Even if the Complaint did allege "property damage" caused by an "occurrence" within the meaning of the Policy, several Policy exclusions apply.

29. Coverage for the claims asserted against the Goduties based on their personal, individual guaranties is excluded by Exclusion 1.b. Contractual Liability.

30. Coverage for claims asserted against Cirque for negligent design is excluded by Exclusion 1.j. Professional Services.

31. Coverage for the claims asserted against Cirque is excluded by Exclusion 1.m. Damage To Your Work.

32. Coverage for the claims asserted against Cirque may also be excluded by Exclusion 1.k. Damage To Property, by Exclusion 1.n. Damage To Impaired Property Or Property Not Physically Injured, or by other exclusions, terms, or conditions set forth in the Policy.

33. In summary, the Policy does not insure Cirque against so-called "business risk," which is the risk that a contractor will not do its job competently and thus be obligated to replace or repair its faulty work.

34. Vermont Mutual thus has no duty to provide any defense to Cirque or to the Goduties in the civil action against them by Fall Line.

WHEREFORE, Vermont Mutual respectfully requests that this Court enter a judgment declaring that Vermont Mutual has no obligation under the Policy to provide a defense to Cirque or to the Goduties in connection with the claims of Fall Line asserted against them in the Complaint, and award Vermont Mutual such other relief, including costs, that the Court deems just.

## COUNT II
## DECLARATORY JUDGMENT—DUTY TO INDEMNIFY

35. Vermont Mutual restates and realleges the allegations contained in the preceding paragraphs of the Complaint as though fully set forth in full herein.

36. For the same reasons set forth above with respect to the duty to defend, Vermont Mutual has no obligation under the Policy to indemnify Cirque or the Goduties in connection with the claims asserted against them in the Complaint.

WHEREFORE, Vermont Mutual respectfully requests that this Court enter a judgment declaring that Vermont Mutual has no obligation under the Policy to indemnify Cirque or the Goduties in connection with the claims of Fall Line asserted against them in the Complaint, and award Vermont Mutual such other relief, including costs, that the Court deems just.

Dated this 7th day of May, 2020.

>  */s/ Brent A. Singer*
>  Brent A. Singer, Esq. (Me. Bar #7708)
>  Rudman Winchell, LLC
>  Attorneys for the Plaintiff
>  84 Harlow Street – P.O. Box 1401
>  Bangor, ME  04402-1401
>  Tel: (207) 947-4501
>  bsinger@rudmanwinchell.com